**FILED**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

2017 FEB 27 PM 12: 08

CASE NO.:

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

ALIUSKA JIMENEZ,

    Plaintiff,

v.

2:17-CV-120-FtM-99CM

GCA SERVICES GROUP, INC. d/b/a
GCA EDUCATION SERVICES, INC.,

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, ALIUSKA JIMENEZ (hereinafter referred to as "JIMENEZ" AND/OR "Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint against Defendant GCA SERVICES GROUP, INC. (hereinafter referred to as "GCA" and/or "Defendant") for sex discrimination and retaliation in violation of Title VII of the Civil Rights Act, *42 U.S.C.A §2000e, et. seq.*, as amended by the Civil Rights Act ("Title VII") and the Florida Civil Rights Act of 1992, §760.01 *et. seq.*, Florida Statutes ("FCRA"), and Florida's Whistleblower Act §448.102, and in support thereof states as follows:

### JURISDICTION, VENUE AND PARTIES

1. This Court has subject matter jurisdiction over the Plaintiff's claims, because this action arises, in part, under Title VII of the Civil Rights Act, *42 U.S.C.A §2000e, et. seq.*, as amended by the Civil Rights Act ("Title VII") and the Florida Civil Rights Act of 1992, §760.01 *et. seq.*, Florida Statutes ("FCRA").

2. This Court has supplemental jurisdiction over Plaintiff's Whistleblower claims pursuant to 28 U.S.C. §1367 because the additional claims are related as to form part of the same case or controversy as the claim that has an independent basis of jurisdiction.

3. Venue is appropriate in the Middle District of Florida pursuant to 28 *U.S.C.* 1391(b) because the actions complained of herein took place in Naples, Florida.

4. Defendant, GCA, is a foreign for-profit corporation that engages in substantial business activities within the State of Florida. Plaintiff worked for the GCA's place of business located at 2125 Andrew Drive, Naples, FL 34112.

5. Plaintiff, JIMENEZ, is a resident of Naples, Collier County, Florida.

6. All conditions precedent to the filing of this action have been performed.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. JIMENEZ timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") on April 10, 2016 (Charge No. 510-2016-00591) for discrimination based on sex and retaliation.

8. This action is filed within ninety (90) days of JIMENEZ' receipt of a Notice of Right to Sue letter from the EEOC dated January 4, 2017; a true and correct copy of said letter is attached and marked as **Exhibit "A."**

9. JIMENEZ has satisfied any and all administrative conditions precedent to filing of this action as contemplated by *§760.11,* Florida Statutes, given that she filed the above-referenced charges with the EEOC.

## GENERAL ALLEGATIONS

10. JIMENEZ started working for GCA as a custodian since June of 2007.

11. GCA provides cleaning services for various schools across the State of Florida.

12. JIMENEZ' excellent work ethic and performance was consistently acknowledged throughout her employment at GCA.

13. In 2015, she was a custodian for GCA at Lorenzo Walker High School ("LWHS")—this is when the discrimination, harassment, and retaliation occurred until she was terminated on August 24, 2015.

14. Specifically, on or about August 6, 2015, JIMENEZ complained to Managers Victor Velazquez, Asiel Espinosa and Julio Zayas that a custodian named Rene Valdez (hereinafter referred to as "VALDEZ") was sexually harassing two women custodians and that he repeatedly made sexual and derogatory remarks to her.

15. Rather than take her complaints seriously, they wrote her up for allegedly interrupting their meeting. After that, the retaliation continued—she was placed on night shifts, they switched her areas of work constantly, reduced her hours, and her responsibilities as head custodian were quickly taken from her.

16. Plaintiff again complained to the managers—they told her that "Cuban women exaggerate" and told her to tolerate the behavior because VALDEZ was "young."

17. A few days later, rather than terminating VALDEZ, a man, for his sexual harassment of employees, Defendant fired Plaintiff and then denied her last pay check.

## COUNT I
## INTENTIONAL DISCRIMINATION BASED ON SEX
## TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. 2000e, et. seq.

18. Plaintiff readopts and realleges paragraphs seven (1) through thirty (17) as if fully set forth herein verbatim.

19. Defendant acted willfully and intentionally after complaints were made by JIMENEZ regarding the sexual harassment inflicted upon her and other employees by VALDEZ.

20. Defendant acted willfully, intentionally, and with malice to deprive JIMENEZ of her civil rights, discriminating against her because of her sex (as described in detail in the preceding adopted paragraphs and more generally by terminating her), as result, Defendant has violated Title VII of the Civil Rights Act, *42 U.S.C. §2000e, et. seq.*

21. As outlined in the preceding paragraphs, JIMENEZ and other women were subjected to unwelcome sexual commentary and advances, and verbal and physical conduct of a sexual nature. This conduct was based on JIMENEZ' sex. This sexual harassment had the effect of unreasonably interfering with JIMENEZ' work performance by creating an intimidating, hostile, and offensive working environment that seriously affected JIMENEZ' psychological well being.

22. JIMENEZ alerted Defendant regarding the sexual harassment inflicted upon her and the other women. Therefore, the Defendant knew or should have known that its actions were illegal under the above-mentioned laws.

23. As a direct, proximate and foreseeable result of Defendant's and its agents' discriminatory actions, JIMENEZ has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment and other non-pecuniary losses and intangible injuries. As a result of such discrimination and consequent harm, JIMENEZ has suffered such damages.

24. JIMENEZ is also requesting punitive damages because the Defendant willfully and intentionally terminated JIMENEZ in retaliation for her complaints regarding the sexual harassment. Defendant - knowing the sexual harassment occurred - allowed its agents to continuously discriminate, hassle and humiliate JIMENEZ based upon her sex. Therefore, the

Defendant's continual lack of care in addressing these issues, if left unpunished, will deprive other valid objectors their Constitutional rights, which is why punitive damages are requested.

## COUNT II
## INTENTIONAL DISCRIMINATION BASED ON SEX
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT

25. Plaintiff readopts and realleges paragraphs seven (1) through thirty (17) as if fully set forth herein verbatim.

26. Defendant acted willfully and intentionally after complaints were made by JIMENEZ regarding the sexual harassment inflicted upon her and other employees by VALDEZ.

27. Defendant acted willfully, intentionally, and with malice to deprive JIMENEZ of her civil rights, discriminating against her because of her sex (as described in detail in the preceding adopted paragraphs and more generally by terminating her), as result, Defendant has violated Florida Statute §760.10.

28. As outlined in the preceding paragraphs, JIMENEZ and other women were subjected to unwelcome sexual commentary and advances, and verbal and physical conduct of a sexual nature. This conduct was based on JIMENEZ' sex. This sexual harassment had the effect of unreasonably interfering with JIMENEZ' work performance by creating an intimidating, hostile, and offensive working environment that seriously affected JIMENEZ' psychological well being.

29. JIMENEZ alerted Defendant regarding the sexual harassment inflicted upon her and the other women. Therefore, the Defendant knew or should have known that its actions were illegal under the above-mentioned laws.

30. As a direct, proximate and foreseeable result of Defendant's and its agents' discriminatory actions, JIMENEZ has suffered past and future pecuniary losses, emotional pain,

suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment and other non-pecuniary losses and intangible injuries. As a result of such discrimination and consequent harm, JIMENEZ has suffered such damages.

31. JIMENEZ is also requesting punitive damages because the Defendant willfully and intentionally terminated JIMENEZ in retaliation for her complaints regarding the sexual harassment. Defendant - knowing the sexual harassment occurred - allowed its agents to continuously discriminate, hassle and humiliate JIMENEZ based upon her sex. Therefore, the Defendant's continual lack of care in addressing these issues, if left unpunished, will deprive other valid objectors their Constitutional rights, which is why punitive damages are requested.

## COUNT III
## RETALIATION
## VIOLATION OF TITLE VII 42 U.S.C. §2000e-3

32. Plaintiff adopts and realleges Paragraphs seven (1) through thirty (17) as if fully set forth herein.

33. JIMENEZ' actions as discussed in detail above constitute protected opposition to discrimination and unlawful business practices. Such actions include, but are not limited to, her complaining to her supervisors and managers Victor Velazquez, Asiel Espinosa and Julio Zayas.

34. An adverse action to JIMENEZ by the Defendant resulted from her protected activities.

35. There is more than a causal connection between the protective activity that JIMENEZ engaged in and the employer's action. In fact, the reason why JIMENEZ was terminated was that she participated in a protected activity by objecting to and complaining of sexual harassment and discrimination.

36. JIMENEZ was discharged and otherwise retaliated against because she opposed unlawful employment practices and/or participated in a proceeding under one of the discrimination statutes.

37. As result of the Defendant's aforementioned actions, it has violated Title VII of the Civil Rights Act, *42 U.S.C. §2000e-3.*

38. As a direct, proximate and foreseeable result of Defendant's and its agents' discriminatory actions, JIMENEZ has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment and other non-pecuniary losses and intangible injuries. As a result of such discrimination and consequent harm, JIMENEZ has suffered such damages.

39. JIMENEZ is also requesting punitive damages because after JIMENEZ reported the sexual harassment she was terminated. Therefore, the Defendant's continual lack of care in addressing these issues, if left unpunished, will deprive other valid objectors their Constitutional rights, which is why punitive damages are requested.

40. The actions of Defendant and its agents make reinstatement ineffective as a make-whole remedy, entitling JIMENEZ to front pay in lieu of reinstatement.

## COUNT IV
## RETALIATION
## VIOLATION OF FLORIDA STATUTE §760.10

41. Plaintiff adopts and realleges Paragraphs seven (1) through thirty (17) as if fully set forth herein.

42. JIMENEZ' actions as discussed in detail above constitute protected opposition to discrimination and unlawful business practices. Such actions include, but are not limited to, her complaining to her supervisors and managers Victor Velazquez, Asiel Espinosa and Julio Zayas.

43. An adverse action to JIMENEZ by the Defendant resulted from her protected activities.

44. There is more than a causal connection between the protective activity that JIMENEZ engaged in and the employer's action. In fact, the reason why JIMENEZ was terminated was that she participated in a protected activity by objecting to and complaining of sexual harassment and discrimination.

45. JIMENEZ was discharged and otherwise retaliated against because she opposed unlawful employment practices and/or participated in a proceeding under one of the discrimination statutes.

46. As result of the Defendant's aforementioned actions, it has violated Fla. Stat. §760.10(7).

47. As a direct, proximate and foreseeable result of Defendant's and its agents' discriminatory actions, JIMENEZ has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment, and other non-pecuniary losses and intangible injuries. As a result of such discrimination and consequent harm, JIMENEZ has suffered damages.

48. JIMENEZ is also requesting punitive damages because after JIMENEZ reported the sexual harassment she was terminated. Therefore, the Defendant's continual lack of care in

addressing these issues, if left unpunished, will deprive other valid objectors their Constitutional rights, which is why punitive damages are requested.

49. The actions of Defendant and its agents make reinstatement ineffective as a make-whole remedy, entitling JIMENEZ to front pay in lieu of reinstatement.

## COUNT V
## VIOLATION OF FLORIDA'S WHISTLEBLOWER ACT §448.102

50. JIMENEZ readopts and realleges paragraphs seven (1) through thirty (17) as if fully set forth herein verbatim.

51. As outlined in the preceding paragraphs, JIMENEZ and other women were subjected to unwelcome sexual commentary and advances, and verbal and physical conduct of a sexual nature. This conduct was based on JIMENEZ' sex. This sexual harassment had the effect of unreasonably interfering with JIMENEZ' work performance by creating an intimidating, hostile, and offensive working environment that seriously affected JIMENEZ' psychological well being.

52. On or about August 6, 2015, JIMENEZ complained to Managers Victor Velazquez, Asiel Espinosa and Julio Zayas that a custodian named Rene Valdez (hereinafter referred to as "VALDEZ") was sexually harassing two women custodians and that he repeatedly made sexual and derogatory remarks to her.

53. Rather than take her complaints seriously, they wrote her up for allegedly interrupting their meeting. After that, the retaliation continued—she was placed on night shifts, they switched her areas of work constantly, reduced her hours, and her responsibilities as head custodian were quickly taken from her.

54. Plaintiff again complained to the managers—they told her that "Cuban women exaggerate" and told her to tolerate the behavior because VALDEZ was "young."

55. A few days later, rather than terminating VALDEZ, a man, for his sexual harassment of employees, Defendant fired Plaintiff and then denied her last pay check.

56. JIMENEZ objected and refused to participate in an activity, policy or practice of the employer that is in violation of law, rule or regulation (*i.e.* the continuing hostile work environment, sexual harassment, and discrimination that the Defendant permitted continuously).

57. As a result these aforementioned general facts and allegation set forth in this count, Defendant wrongfully discharged JIMENEZ in violation of Florida's Whistleblower Act codified in § 448.102(3), Florida Statutes.

58. There is more than a causal relationship between JIMENEZ' termination and her objections to and/or refusing to participate in the unlawful business practices; more specifically, it is the reason she was terminated.

59. As a result of her wrongful discharge, JIMENEZ has suffered an adverse employment action, and has hired the undersigned in order to prosecute her claims as described herein and has therefore incurred attorney's fees and costs in bringing this action.

60. Pursuant to Fla. Stat. § 448.104, JIMENEZ is entitled to recover the costs of this action in addition to a reasonable attorney's fee.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff, ALIUSKA JIMENEZ, respectfully demands judgment against Defendant, GCA SERVICES GROUP, INC. d/b/a GCA EDUCATION SERVICES, INC., for the following:

A. Front pay in lieu of reinstatement;

B. Back pay;

C. Compensatory damages;

D. Punitive damages (because as discussed above in detail, defendant's conduct was despicable and the acts herein alleged were malicious, fraudulent and oppressive, and were committed with an improper and evil motive to injure plaintiff, amounting to malice and in conscious disregard of plaintiff's rights);

E. Prejudgment interest;

F. Attorneys' fees pursuant to 42 U.S.C. §§ 1988 and 2000e-5(k), and Fla. Stat. § 448.104 and other applicable statutes whether state or federal;

G. Costs of this action;

H. Grant a preliminary and permanent injunction prohibiting the Defendant, its officers, successors, assigns, affiliates and all persons in active concert or participation with the Defendant from engaging in any practices that discriminate on the basis of sex and sexual harassment, against Plaintiff;

I. Issue a declaratory judgment that the acts, policies, practices, and procedures of Defendant complained of herein violated Plaintiff's rights under Title VII of the Civil Rights Act (42 U.S.C. §2000e);

J. For actual damages in the amount to be determined according to proof;

K. For consequential damages in an amount to be determined according to proof;

L. For general damages in an amount to be determined according to proof;

M. For special damages in an amount to be determined according to proof;

N. For exemplary damages;

O. For nominal damages; and

P. For such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

                                 **CORONA LAW FIRM, P.A.**
3899 NW 7th Street, Second Floor
Miami, FL 33126
(305)547-1234 – Telephone
(305)266-1151 – Facsimile
Primary Email: amorgado@coronapa.com
2nd Email: crm@coronapa.com

**By:   /s/ Allyson Morgado, Esq.**

      Allyson Morgado, Esq.
      FL Bar No.: 91506

# EXHIBIT "A"

EEOC Form 161 (11/16) U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Aliuska Jimenez
1883 41 Street, SW
Naples, FL 34116

From: Miami District Office
Miami Tower, 100 S E 2nd Street
Suite 1500
Miami, FL 33131

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL. (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2016-00591 | Yolanda Ramirez, Investigator | (305) 808-1767 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

/s/ Michael J. Farrell
MICHAEL J. FARRELL,
District Director

JAN 0 4 2017
(Date Mailed)

Enclosures(s)

cc: John Donovan
Corporate Counsel
GCA EDUCATION SERVICES
4702 Western Ave., Suite 101
Knoxville, TN 37921

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>within 90 days</u> of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than <u>2 years (3 years)</u> before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> -- not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request <u>within 6 months</u> of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*