IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FT. MYERS DIVISION

ALIUSKA JIMENEZ,

    Plaintiff,

vs.                                      CASE NO.:   2:17-cv-120-FtM-99CM

GCA SERVICES GROUP, INC.
d/b/a GCA EDUCATION SERVICES,
INC.

    Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW the Defendant, GCA SERVICES GROUP, INC. d/b/a GCA EDUCATION SERVICES, INC., by and through its undersigned counsel, and hereby responds to Plaintiff's Complaint as follows:

## JURISDICTION, VENUE AND PARTIES

1. Admitted for jurisdictional purposes only; denied Plaintiff is entitled to any of the requested relief.
2. Admitted for jurisdictional purposes only; denied Plaintiff is entitled to any of the requested relief.
3. Admitted for venue purposes only; denied Plaintiff is entitled to any of the requested relief.
4. Admitted.
5. Without knowledge, therefore denied.
6. Denied.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Admitted EEOC charge filed; denied said claim had merit.

8. Admitted Exhibit A speaks for itself.
9. Denied.

## GENERAL ALLEGATIONS

10. Admitted Plaintiff was employed by Defendant; denied as to start date.
11. Admitted generally.
12. Denied.
13. Denied.
14. Denied.
15. Denied.
16. Denied.
17. Denied.

## COUNT I
## INTENTIONAL DISCRIMINATION BASED ON SEX
## TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C 2000e, et. seq.

18. Defendant re-adopts and re-alleges its responses to paragraphs 1 through 17 as if fully set forth herein.
19. Denied.
20. Denied.
21. Denied.
22. Denied.
23. Denied.
24. Denied.

## COUNT II
## INTENTIONAL DISCRIMINATION BASED ON SEX
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT

25. Defendant re-adopts and re-alleges its responses to paragraphs 1 through 17 as if fully set forth herein.
26. Denied.

27. Denied.
28. Denied.
29. Denied.
30. Denied.
31. Denied.

## COUNT III
## RETALIATION
## VIOLATION OF TITLE VII 42 U.S.C. §2000e-3

32. Defendant re-adopts and re-alleges its responses to paragraphs 1 through 17 as if fully set forth herein.
33. Denied.
34. Denied.
35. Denied.
36. Denied.
37. Denied.
38. Denied.
39. Denied.
40. Denied.

## COUNT IV
## RETALIATION
## VIOLATION OF FLORIDA STATUTE §760.10

41. Defendant re-adopts and re-alleges its responses to paragraphs 1 through 17 as if fully set forth herein.
42. Denied.
43. Denied.
44. Denied.
45. Denied.
46. Denied.
47. Denied.
48. Denied.

49. Denied.

## COUNT V
## VIOLATION OF FLORIDA'S WHISTEBLOWER ACT §442.102

50. Defendant re-adopts and re-alleges its responses to paragraphs 1 through 17 as if fully set forth herein.
51. Denied.
52. Denied.
53. Denied.
54. Denied.
55. Denied.
56. Denied.
57. Denied.
58. Denied.
59. Denied.
60. Denied.

## FIRST AFFIRMATIVE DEFENSE

As and for its first affirmative defense, Defendant affirmatively alleges that it did not treat the Plaintiff differently from other similarly situated employees outside of the Plaintiff's protected class(es) who engaged in similar contact.

## SECOND AFFIRMATIVE DEFENSE

As and for its second affirmative defense, Defendant affirmatively alleges that all of its actions with respect to the Plaintiff were the result of Defendant's business judgment or other legitimate non-discriminatory reasons and were not based on any protected activity on the part of Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

As and for its third affirmative defense, Defendant affirmatively alleges that all of its actions with respect to the Plaintiff were the result of the Defendant's business judgment or other legitimate non-discriminatory reasons and were not based on any protected activity on the part of the Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

As and for its fourth affirmative defense, Defendant affirmatively alleges that all conditions precedent to bringing this action have not been satisfied.

## FIFTH AFFIRMATIVE DEFENSE

As and for its fifth affirmative defense, the Defendant affirmatively alleges that it is entitled to all the protections afforded to it pursuant to the Florida Civil Rights Act F.S. § 760.001 (et. seq.).

## SIXTH AFFIRMATIVE DEFENSE

As and for its sixth affirmative defense, Defendant affirmatively alleges that it is entitled to all of the protections afforded to it pursuant to Title VII.

## SEVENTH AFFIRMATIVE DEFENSE

As and for its seventh affirmative defense, Defendant affirmatively alleges that if the finder of fact should determine that Defendant took any adverse employment action against Plaintiff because of Plaintiff's race or sex, nevertheless such action would have been taken even if this factor was not impermissibly considered, and thus Plaintiff has not suffered any damages as a result. By asserting this defense, Defendant is in no way admitting to any adverse employment action or to the impermissible consideration of any factors.

## EIGHTH AFFIRMATIVE DEFENSE

As and for its eighth affirmative defense, Defendant affirmatively alleges the Defendant did not retaliate against the Plaintiff under the Title VII, the Florida Civil Rights Act or any other Federal or State Statute, regulation or provision.

### NINTH AFFIRMATIVE DEFENSE

As and for its ninth affirmative defense, Defendant affirmatively alleges for those issues to which Plaintiff is only entitled to equitable relief, Plaintiff is not entitled to a trial by jury.

### TENTH AFFIRMATIVE DEFENSE

As for its tenth affirmative defense, Defendant affirmatively alleges to the extent the claims brought in Plaintiff's Complaint are not included in her Equal Employment Opportunities Commission charge and are not reasonably related to those claims listed in Plaintiff's Equal Employment Opportunities charge, this Court does not have jurisdiction to hear said claims.

### ELEVENTH AFFIRMATIVE DEFENSE

As and for its eleventh affirmative defense, Defendant affirmatively alleges there is no causal connection between the alleged protected activity and the alleged adverse employment action, and therefore, there is no prima facie case of retaliation.

### TWELFTH AFFIRMATIVE DEFENSE

As and for its twelfth affirmative defense, Defendant affirmatively alleges that Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### THIRTEENTH AFFIRMATIVE DEFENSE

As and for its thirteenth affirmative defense, Defendant affirmatively alleges that each count brought by Plaintiff is barred by the applicable limitations period prescribed by applicable law.

### FOURTEENTH AFFIRMATIVE DEFENSE

As and for its fourteenth affirmative defense, Defendant affirmatively avail themselves of all defenses applicable under Federal law.

### FIFTEENTH AFFIRMATIVE DEFENSE

As and for its fifteenth affirmative defense, Defendant, without admitting that Defendant engaged in any adverse employment action with respect to Plaintiff or that

any action taken was based on an impermissible motivating factor, affirmatively alleges that the action complained of by Plaintiff would have been taken even in the absence of any impermissible motivating factor.

### SIXTEENTH AFFIRMATIVE DEFENSE

As and for its sixteenth affirmative defense, Defendant affirmatively alleges that Plaintiff has failed to take reasonable steps to limit her damages and the Plaintiff's damages must therefore be reduced in accord with the Plaintiff's failure to take proper steps to mitigate her damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As and for its seventeenth affirmative defense, Defendant affirmatively alleges that Plaintiff is barred from recovering any relief under the Private Whistleblower's Act, § 448.101-448.104, Florida Statutes, to the extent that Plaintiff failed to notify Defendant/employer in writing of the subject activity, policy or practice and had not afforded Defendant a reasonable opportunity to correct the activity, policy or practice.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As and for its eighteenth affirmative defense, Defendant affirmatively alleges that Plaintiff is barred from recovering any relief under the Private Whistleblower's Act, §448.101-448.104, Florida Statutes, by failing to disclose information concerning alleged matters protected by the Act to the appropriate entity within Defendant having authority to investigate, police, manage or otherwise remedy the violation or act.

### NINETEENTH AFFIRMATIVE DEFENSE

As and for its nineteenth affirmative defense, Defendant affirmatively alleges that Plaintiff is barred from recovering any relief under the Private Whistleblower's Act, § 448.101-448.104, Florida Statutes, by failing to exhaust all administrative remedies, including but not limited to any applicable grievance procedure.

CASE NO.: 2:17-cv-120-FtM-99CM

## DEMAND FOR TRIAL

Defendant hereby demands a trial by jury of all issues so triable as a matter of law.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of April, 2017 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Allyson Morgado, Esq.
Corona Law Firm, P.A.
3899 NW 7th Street
Second Floor
Miami, Florida 33126
amorgado@coronapa.com
crm@coronapa.com

                            VERNIS & BOWLING of
                            Southwest Florida, P.A.
                            Attorney for Defendant
                            2369 West First Street
                            Fort Myers, Florida 33901
                            Telephone:   (239)  334-3035
                            Facsimile:    (239)  337-7702

                            By:   */s/ William O. Kratochvil*
                                    William O. Kratochvil, Esq.
                                    Florida Bar No.: 0343640
                                    wkratochvil@florida-law.com
                                    ygonzalez@florida-law.com